Received
2023 JAN 23 PM 2:50
CLERK
U.S. DISTRICT COURT

Gregory B. Smith (USB 6657)
GREG SMITH & ASSOCIATES
7324 South Union Park Avenue
Midvale, UT  84047
(801) 641-3397
gs@justiceinutahnow.com

*Attorney for Plaintiff, Spencer Brook*

## IN THE UNITED STATES DISTRICT COURT
## STATE OF UTAH

| | |
|---|---|
| SPENCER BROOK,<br><br>           Plaintiff,<br><br>*vs.*<br><br>TRUWEAR LLC and JOSEPH HAWES.<br><br>           Defendants. | **COMPLAINT FOR LEGAL AND EQUITABLE RELIEF**<br>**(JURY TRIAL DEMANDED)**<br><br>Case No.   Case: 2:23−cv−00058<br>           Assigned To : Bennett, Jared C.<br>Judge      Assign. Date : 1/23/2023<br>           Description: Brook v. Truwear et al |

Plaintiff, SPENCER BROOK, by and through above-signed counsel, hereby complains against Defendants (TRUWEAR, LLC), Utah Entity Number: 11030741-0160; Company Type: LLC – Domestic; Address: 687 N 2000 W UNIT 4 SPRINGVILLE, UT 84663;  Registered Agent: JOSEPH ADAM HAWES; Registered Agent Address: 331 S 340 W OREM, UT 84058 and JOSEPH ADAM HAWES. Plaintiff is demanding a trial by jury, and seeking relief as follows:

### I.   PARTIES

1. Plaintiff is a Utah citizen who resides in Utah County, State of Utah.

2. Defendant TRUWEAR is a Utah LLC according to the State of Utah.

3. Defendant JOSEPH HAWES is an individual living in Utah County.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction under the United States Fair Labor Standards Act of 1938, §§ 7, 15(a)(3), 29 U.S.C.A. §§ 207, 215(a)(3); 29 C.F.R. § 778.111. The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367 over Plaintiff's state contract claims.

5. Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities took place in the State of Utah.

## III. STATEMENT OF FACTS/CLAIM

6. At all times while Plaintiff worked for Defendants, Defendants were his employers, and TRUWEAR was a covered enterprise for purposes of the United States Fair Labor Standards Act (FLSA).

7. All that facts listed herein apply to all Defendants jointly and severally.

8. Plaintiff went to work for Defendants on or about October of 2021.

9. At first, Defendants paid him hourly as a 1099 worker ($15 per hour from November 10, 2021 until the middle of February of 2022).

10. After that, he was made a W2 worker (still at $15 per hour).

11. Various times, he was paid late (thus he was not paid pursuant to the FLSA minimum mandates, and is owed the liquidated damages for such).

12. Payment arrived at his bank on the following dates:

a. November 22, 2021 (75.5 hours, liquidated damages of $547.38 ($7.25 * 75.5))

b. December 9, 2021 (80 hours, $580).

c. February 23, 2022 (78.5 hours, $569.12).

d. July 21, 2022 (69.5 hours, $503.88).

e. August 8, 2022 (80 hours, $580).

   i. In this amount, there was also 1.5 hours of unpaid overtime, for a hourly rate of $22.5 dollar per hour, which was not paid (only $15 per hour was ultimately paid - that would have been $33.75 dollars owed, but $22.5 was paid. Thus, $11.25 is still owed, plus the liquidated damages of $22.50 for 33.75).

f. September 6, 2022 (91 hours, $659.75, plus one hour should have been paid as overtime at the rate of $22.50.

   i. The unpaid wage for the one hour of overtime was $7.50 (straight time was paid, but the additional half time was not paid).

   ii. The liquidated damage for the unpaid overtime hour is another $7.50.

g. November 7, 2022 (72.37 hours, $524.68).

    i. There was also .65 hours of unpaid overtime in that time period ($14.62 should have been paid for the partial hour, but the ½ time was not paid (straight time was, however).

    ii. Thus, $7.31 was not paid on that partial hour. The liquidated damages amount on that is $14.62.

  h. November 21. 2022 (54.22 hours, $393.10).

13. Also, for many hours, he was only paid $13 an hour when he should have been paid $15.

14. He should have been paid $15 an hour, instead of $13 an hour for 1,841.71 hours, for a difference of $3,683.42.

## V. PRAYER FOR RELIEF

15. Plaintiff prays for all unpaid wages that he is owed by Defendants, the appropriate liquidated damages owed under the FLSA, plus all of his attorney's fees and costs that relate to this case.

16. The unpaid wages (at $15 an hour), plus liquidated damages is: **$4,413.78**.

17. The unpaid wages of $2 per hour (under state law) is **3,683.42.**

18. The total from lines 16 and 17 above is **$8,097.20.**

19. Failure to issue employees' paychecks promptly when due violates the Fair Labor Standards Act. Paychecks are due on payday. After that, the minimum wage is "unpaid." *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

20. § 216. Penalties: Plaintiff should be awarded damages and his attorney's fees and costs. The law states: Any employer who violates the provisions . . . of this Act [29 USCS § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, **and in an additional equal amount as liquidated damages** . . . . The court in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.
21. To date, the amount of attorney fees sought are 6.7 hours at $375 an hour ($**2,512.5**).
22. The total from lines 18 and 21 and $**10,609.70.**

DATED this 21th day of December 2022.

/s/ Gregory B. Smith

Gregory B. Smith, attorney for Plaintiff